IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 17-0059-GMS |
| | : | |
| DENNELL HARRISON | : | |

**SUPPLEMENTAL  MEMORANDUM OF LAW IN SUPPORT OF
DEFEDANT'S  MOTION TO SUPPRESS PHYSICAL EVIDENCE**

Defendant Dennell Harrison moves the Court to suppress any and all physical evidence seized as a result of his on November 29, 2016 arrest, and search of his vehicle.  He alleges the search was in violation of his Fourth Amendment right to be free from unreasonable searches and seizures.

**I.     FACTS**

On November 29, 2016, Dover Police Officer Justin Richey was at the Dover Police Department when he heard Marshalls from the United States Marshall Task Force advise they were conducting vehicle surveillance of Dennell Harrison who was wanted on active fugitive warrants (11/29/17 Suppression Hearing Notes at p.8).  He, along with Senior Probation Office Daniel Stagg who was also at the police station, proceeded to a police vehicle.  Once in the vehicle they were alerted by radio that Mr. Harrison's vehicle had come to a stop about 600 yards from the police station (11/29/17 Suppression Hearing Notes at p.11).  They arrived at the stopped vehicle in less than one minute (11/29/17 Suppression Hearing Notes at p.23).  Officer Richey approached the driver's side as Office Stagg approached the passenger side of the vehicle (11/29/17 Suppression Hearing Notes at p.9).  Officer Stagg gave orders to Mr. Harrison to show his hands and

1

exit the vehicle as Officer Richey moved to the passenger side of the vehicle. Mr. Harrison then exited the vehicle without incident, was placed under arrest based on the fugitive warrants and put in a police vehicle (11/29/17 Suppression Hearing Notes at p.16). As Mr. Harrison opened his door to exit the vehicle, Officer Richey smelled the odor of marijuana and began to search the vehicle (11/29/17 Suppression Hearing Notes at p.9), presumably within a matter of minutes, if not seconds. The record contains no reference to justification for this search other than the odor of marijuana. Furthermore, the record is devoid of any effort to obtain consent to search the vehicle from either Mr. Harrison or the owner. Obtaining a search warrant was never discussed.

## II.     DISCUSSION

Police may search the passenger compartment of a vehicle incident to a recent occupant's arrest only if it is reasonable to believe that the arrestee might access the vehicle at the time of the search or the vehicle contains evidence of the offense of arrest. *Arizona v. Gant*, 556 U.S. 332 (2009) pp. 5–18.

Warrantless searches "are *per se* unreasonable," "subject only to a few specifically established and well-delineated exceptions." *Katz* v. *United States*, 389 U. S. 347 (1967), 357. The exception for a search incident to a lawful arrest applies only to "the area from within which [an arrestee] might gain possession of a weapon or destructible evidence." *Chimel v. California*, 395 U.S. 752 (1969) at 763. The Supreme Court applied that exception to the automobile context in *New York v. Belton*, 453 U.S. 454 (1981), the holding of which rested in large part on the assumption that articles inside a vehicle's passenger compartment are "generally . . . within 'the area into which an arrestee might reach." at 460. The weapons exception to the Fourth Amendment search

warrant requirement is not applicable in this case and the government so agrees (11/29/17 Suppression Hearing Notes at p.39).

The Supreme Court rejected a broad reading of *Belton* that would permit a vehicle search incident to a recent occupant's arrest even if there were no possibility the arrestee could gain access to the vehicle at the time of the search. The safety and evidentiary justifications underlying *Chimel*'s exception authorize a vehicle search only when there is a reasonable possibility of such access. Although it does not follow from *Chimel*, circumstances unique to the automobile context also justify a search incident to a lawful arrest when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Thornton* v. *United States*, 541 U. S. 615(2004), 632. The "crime" of arrest in this case was fugitive warrants, not marijuana (11/29/17 Suppression Hearing Notes at p.17). The government effort to use the odor of marijuana as a crime of arrest fails not just because there was no arrest for marijuana use or possession, but because there could not have been any arrest possession of marijuana. The personal use of marijuana in Delaware was decriminalized in December of 2015. Title 16 Chapter 47 Section 4774(b) Delaware Code. The government argument that it was necessary for Officer Richey to search this vehicle in order to see if there was a greater than personal use quantity (11/29/17 Suppression Hearing Notes at p.41) must also fail. If the government needs to determine the weight of marijuana to see if there was a greater than a noncriminal personal use amount then there was no "crime of arrest" before the search. The odor of marijuana does not provide arrest probable cause. It is also likely that the uncorroborated odor of marijuana does not provide search warrant probable cause, especially when the personal use of marijuana is not criminal in Delaware.

It is anticipated the government will argue the personal use of marijuana while driving a vehicle has not been decriminalized (11/29/17 Suppression Hearing Notes at p.41). Be that as it may, there is no testimony in the record of the use of marijuana by Mr. Harrison while driving. When asked to confirm "there was no other indicia of marijuana usage other than you almost instantaneously concluding: That smells like marijuana. Correct?" (11/29/17 Suppression Hearing Notes at p.18), the answer was "Yes. I knew it was marijuana." (11/29/17 Suppression Hearing Notes at p.18).

It is also expected the government will address the applicability of *Arizona v. Gant*, 556 U.S. 332 (2009) in its' supplemental brief and why *Gant* is supplanted by *United States v. Ushery*, 400 Fed. Appx. 674,676 (3d Cir. 2010). The government relies on *Ushery,* interestingly a Non-Precedential Opinion, for the premise that the odor of marijuana from inside a car alone establishes probable cause to search the car. In *Ushery* the Defendant, Rashi Abdul Ushery, was stopped by the police for illegal window tint. The officers smelled the odor of marijuana and requested consent from the defendant to search the vehicle. When consent was denied by the defendant the officers contacted the owner of the vehicle, Ronald Ushery, the defendants' father, for consent to search. Ronald Ushery gave the police consent to search his vehicle. In this case no one gave consent to search the vehicle.

Neither *Chimel*'s reaching-distance rule nor *Thornton*'s allowance for evidentiary searches authorized the search in this case. In contrast to *Belton*, which involved a single officer confronted with four unsecured arrestees, Mr. Harrison was secured in a patrol car before the search began. Harrison could not have accessed his car at the time of the search. An evidentiary basis for the search was also lacking. Belton and Thornton were

both arrested for drug offenses, but Harrison was arrested on outstanding warrants for failure to appear for court and supervision violations. The search in this case was therefore unreasonable.

**WHEREFORE**, for all the reasons stated in the foregoing memorandum of law, as well as for any reasons apparent from the hearing in this matter, defendant Dennell Harrison respectfully requests that the Court grant the instant motion and issue an order suppressing all evidence derived from the arrest of defendant, Dennell Harrison, and the search of the vehicle where he was found.

Respectfully submitted,

*/s/ Dennis P. Caglia, Esquire*
Dennis P. Caglia, Esquire
Attorney for Defendant, Dennell Harrison

Date:   December 29, 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| vs. | : CRIMINAL NO. 17-0059-GMS |
| | : |
| **DENNELL HARRISON** | : |

**CERTIFICATE OF SERVICE**

I, DENNIS P. CAGLIA, Esquire, hereby certify that on the date set forth below, a true and correct copy of the foregoing Supplemental Memorandum of Law in Support of Motion to Suppress Evidence was served upon the following counsel in the manner indicated below.

Service electronically pursuant to Rule 5.1.2 of the electronic case filing rules for the United States District Court to:

Graham L. Robinson, Esquire
United States Attorney's Office
1007 Orange Street – Suite 700
P. O. Box 2046
Wilmington, DE 19801

      /s/ Dennis P. Caglia, Esquire
Dennis P. Caglia, Esquire
Attorney for Defendant, Dennell Harrison

Date: December 29, 2017