IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TARON WALKER, | : | |
| | : | |
| Movant/Defendant, | : | |
| | : | |
| v. | : | Civ. Act. No. 20-154-LPS |
| | : | Cr. Act. No.17-59-LPS-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |

---

Taron Walker. *Pro se* Movant.

Graham Lewis Robinson, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

---

**MEMORANDUM OPINION**

February 14, 2022
Wilmington, Delaware

STARK, U.S. District Judge:

## I.  INTRODUCTION

Taron Walker ("Movant") filed a Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255(e), and two Memoranda in Support ("Motion"). (D.I. 132; D.I. 133; D.I. 140) The United States Government ("Respondent") filed an Answer in Opposition. (D.I. 156) For the reasons discussed, the Court will deny the Motion without holding an evidentiary hearing.

## II. BACKGROUND

On the night of November 21, 2016, Movant – who had previously been convicted of nine felony offenses – broke into a federally licensed firearms dealer (the "FFL") and stole 20 firearms. (D.I. 147 at 208-19; D.I. 156 at 2) A recording from the FFL's security camera showed Movant and his co-conspirator using a claw hammer and broomstick to pry and pound their way through the FFL's exterior wall. (D.I. 148 at 56-81; D.I. 156 at 2) Both men were wearing masks and gloves at the time. (*Id.*) Once inside, the men used bolt cutters to penetrate the locked metal cages holding the FFL's firearm inventory. (D.I. 148 at 81-90; D.I. 156 at 2) The security recording showed that Movant was wearing duck books with red laces and a black hoodie with heavy metallic aglets. (D.I. 148 at 60, 65, 71, 73, 86, 89)

Following the robbery, Movant gave two of the stolen firearms to his cousin. (D.I. 148 at 208-31; D.I. 156 at 2) On or about December 12, 2016, Delaware police executed a search warrant at Movant's residence and found duck boots with red laces as well as a black hoodie in Movant's bedroom. (D.I. 156 at 2) On July 25, 2017, Movant was indicted in the District of Delaware on three charges: (1) stealing firearms from a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(u) and (2) ("Count One"); (2) conspiring to steal firearms from a federally licensed firearms dealer, in violation of 18 U.S.C. § 371 ("Count Two"); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Four"). (D.I. 13) Movant filed a

pre-trial motion to suppress the physical evidence found at his residence, which the Court denied. (D.I. 16; D.I. 29) Movant filed a motion *in limine* to bifurcate Count Four from Counts One and Two, which the Court granted. (D.I. 55; D.I. 71)

A jury trial took place from May 7-10, 2018, and Movant was found guilty of all counts. (D.I. 92; D.I. 93; D.I. 96; D.I. 97; D.I. 156 at 3) On September 5, 2018, the Court sentenced Movant as follows: (1) for Count One, to 75 months of imprisonment and three years of supervised release, to run concurrently with Counts Two and Four; (2) for Count Two, to 60 of imprisonment and three years of supervised release, to run concurrently with Counts One and Four; and (3) for Count Four, to 75 months of imprisonment and three years of supervised release, to run concurrently with Counts One and Two. (D.I. 129) Movant waived his right to appeal. (D.I. 131)

Movant filed a *pro se* § 2255 Motion on January 17, 2020. (D.I. 132) The Motion asserts the following grounds for relief: (1) Movant is actually innocent of all three charges, as demonstrated by the fact that the jury instructions did not properly explain what it means to possess a firearm, the jury was offered nothing but circumstantial evidence, and his cousin – who testified for the government at trial – was a convicted felon; (2) Movant's § 922(g) conviction should be vacated pursuant to the recent Supreme Court decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), because the government did not prove beyond a reasonable doubt that Movant knowingly possessed a firearm and that Movant knew of the status that made his possession illegal; and (3) Movant is actually innocent due to a lack of fairness in how the government presented its case against Movant.

The government filed a Response in opposition, arguing that the Motion should be dismissed in its entirety as time-barred and, alternatively, as procedurally barred. (D.I. 156) The government further asserts that Claim Two should be dismissed under the concurrent sentence doctrine. (D.I. 156 at 5-6)

2

III.  **STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners, which begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (explaining that one-year limitations period set forth in § 2255 is also subject to equitable tolling).

Movant does not allege, and the Court cannot discern, any facts triggering the application of § 2255(f)(2) or (4) for any of his three Claims. Both Movant and the government argue, however, that § 2255(f)(3) provides a later limitations starting date for Claim Two's *Rehaif* challenge to Movant's § 922(g) conviction, because Movant filed the Motion in January 2020, which is within one year of the Supreme Court's June 21, 2019 issuance of *Rehaif*. The Court does not agree. A person is guilty of possession of a firearm by a convicted felon under § 922(g)(1) if: (1) he/she has been convicted of a crime of imprisonment for a term in excess of one year; (2) he/she knowingly possessed the firearm; and (3) the firearm traveled in interstate commerce. *See* 18 U.S.C. 922(g)(1);

3

*United States v. Higdon*, 638 F.3d 233, 239-40 (3d Cir. 2011). In *Rehaif*, the Supreme Court held "that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S.Ct. at 2194. Notably, *Rehaif* "did not state a rule of constitutional law,"[1] and neither the Supreme Court nor the Third Circuit Court of Appeals have "made [the right in *Rehaif*] retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Since the right recognized in *Rehaif* has no retroactive impact for Movant, the Court concludes that the one-year period of limitations for all three Claims in the Motion began to run when Movant's conviction became final under § 2255(f)(1).

Here, Movant's judgment of conviction was entered on September 12, 2018 and, on that same day, defense counsel filed a letter explaining that Movant knowingly and voluntarily waived his appeal. (*See* D.I. 131) Given these circumstances, Movant's conviction either became final on September 12, 2018, the date on which Movant expressly waived his appeal, or on September 26, 2018, the date on which the 14-day period for filing an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Since the 14-day difference between the two dates does not alter the outcome, the Court will use the later date, September 26, 2018, as the relevant date of finality. Applying one year to that date, Movant had to file his § 2255 Motion no later than September 26, 2019. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method, i.e., limitations period expires on anniversary date of triggering event for starting limitations period).

---

[1] *In re Sampson*, 954 F.3d 159, 161 n.3 (3d Cir. 2020).

4

Movant did not file the instant § 2255 Motion until January 17, 2020,[2] approximately one year and four months after the expiration of the filing deadline. Hence, the instant § 2255 Motion must be dismissed as time-barred, unless equitable tolling is available.

The one-year limitations period may be tolled for equitable reasons only if a movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*, 145 F.3d at 618-19. Consistent with these principles, the Third Circuit has specifically limited equitable tolling of § 2255's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). The movant bears the burden of showing that an extraordinary circumstance stood in his way. *See McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007)

In this case, Movant does not assert that he was misled, that he mistakenly asserted his rights in the wrong forum, or that any extraordinary circumstances prevented him from filing his Motion on time. To the extent Movant's untimely filing was the result of legal ignorance or a miscalculation

---

[2] Pursuant to the prison mailbox rule, the Court adopts the date on the Motion's certification of mailing – January 12, 2020 – as the date of filing. (D.I. 132 at 12; *see also Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it prison officials for mailing . . . .").

5

regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Additionally, to the extent Movant asserts his "actual innocence" in an attempt to trigger equitable tolling for his § 2255 Motion, the argument is unavailing. In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See also Satterfield v. Dist. Attorney of Phila*, 872 F.3d 152, 162 (3d Cir. 2017) ("*McQuiggin* allows a petitioner who makes a credible claim of actual innocence to pursue his or her constitutional claims even in spite of AEDPA's statute of limitations by utilizing the fundamental-miscarriage-of-justice exception."). The *McQuiggin* Court, however, cautioned that "tenable actual-innocence gateway pleas are rare," and a prisoner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Movant appears to contend he is "actually innocent" because: (1) the jury instructions on possession were "quite improper, very misleading, and actually contradict[ed] the factual definition of knowing possession defined, and the word knowingly [as] defined;" (2) the government's witnesses provided "inconsistent circumstantial hearsay testimony;" (3) the government did not prove that Movant knowingly possessed the firearms he stole or that he knew of the status that made the possession illegal; and (4) the government "displayed prejudice, and prejudged what [Movant] expressed," accepting the witnesses' accounts over Movant's accounts

6

despite the fact that the witnesses had criminal backgrounds. (D.I. 133) These contentions do not constitute "new reliable evidence" sufficient to satisfy the *McQuiggan/Bousley* standard. Instead, they essentially relitigate arguments raised at trial regarding the credibility of cooperating witnesses and the use of circumstantial evidence. Thus, Movant's assertion of actual innocence does not suffice to equitably toll the statute of limitations.

For all of these reasons, the doctrine of equitable tolling is not available to Movant on the facts he has presented. Accordingly, the Court will dismiss the instant § 2255 Motion in its entirety as time-barred.

## IV.  PROCEDURAL DEFAULT[3]

The relief sought under 28 U.S.C. § 2255 is reserved for extraordinary circumstances. *See Brecht v. Abrahamson*, 507 U.S. 619 (1993). If a movant fails to raise a claim on direct appeal, that claim is procedurally defaulted and cannot thereafter be reviewed pursuant to 28 U.S.C. § 2255 unless the movant demonstrates cause for the default and prejudice resulting therefrom, or that he is actually innocent. *See Bousley*, 523 U.S. at 616, 621-23. To establish cause for a default, a movant must demonstrate that "some objective factor external to the defense impeded counsel's efforts to raise the claim." *United States v. Essig*, 10 F. 3d 968, 979 (3d Cir. 1993), *abrogated on other grounds as explained in United States v. Peppers*, 482 F. App'x 702, 704 n.5 (3d Cir. 2012). One external factor that may provide cause for a default is when the particular claim "is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). In turn, an attorney's failure to preserve or raise a claim on direct appeal can constitute cause for a movant's procedural default, but only if counsel's failure amounts to constitutionally ineffective assistance of counsel. *See Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). To establish prejudice, a movant must show that "the

---

[3]Given the government's argument regarding the timeliness of Claim Two, and in an effort to be thorough, the Court will also consider the government's additional contention that Claims One, Two, and Three should be dismissed as procedurally barred.

7

errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 179 (1982). Notably, if the movant fails to demonstrate cause, a court is not required to determine if the movant was prejudiced by the default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

The record in this case reveals that Movant defaulted all three Claims because he did not raise them on direct appeal. Since Movant has not established cause for his default, the Court will not address the issue of prejudice with respect to Claims One and Three.

As for Claim Two, the Court liberally construes Movant's assertions as attempting to demonstrate that the change in law announced in *Rehaif* could not have been anticipated and, therefore, excuses his procedural default of Claim Two. This construction of Movant's contentions still does not excuse his default of Claim Two. The novelty exception to the procedural default doctrine does not apply when the argument was available but defense counsel did not present it because it was unlikely to succeed or because counsel did not recognize the existence of the argument. *See Engle v. Isaac*, 456 U.S. 107, 132-34 (1982). As a general rule, if "other defense counsel have perceived and litigated [the] claim [at issue], the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for procedural default." *Id.* at 134. Here, the question presented in *Rehaif* (and in Claim Two) does not qualify under the novelty exception, because the "knowledge of status" issue in *Rehaif* had been repeatedly litigated in the courts of appeals for many years prior to Movant's conviction. *See United States v. Saunders*, 2020 WL 5569785, at *4 (E.D. Pa. Sept. 17, 2020) (collecting cases); *see also United State v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. Oct. 8, 2020) ("*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default.").

Even if the Court were to assume, for the sake of argument, that Movant could establish cause for his default of Claim Two under the novelty exception, Movant cannot establish that he

8

was actually prejudiced by his failure to raise Claim Two on appeal. Movant's term of imprisonment on the § 922(g)(1) charge in Count Four is identical and entirely concurrent to the sentence imposed on Count One.

Finally, Movant's default of Claims One, Two, and Three cannot be excused under the miscarriage of justice exception to the default doctrine because, as previously explained, he has not provided new reliable evidence of his actual innocence. *See supra* at Section III. Accordingly, the Court will deny Claims One, Two, and Three as procedurally barred.[4]

## V.    PENDING MOTION

Movant filed a Motion for Default Judgment, asking the Court to grant the relief requested in his § 2255 Motion because the government did not "respond in the time frame given by the Court's order." (D.I. 163) The record reveals that the government filed its Response to the instant § 2255 Motion within the time-frame set out in the Court's October 28, 2020 Order. (*See* D.I. 155; D.I. 156) Therefore, the Court will deny the Motion for Default Judgment.

## VI.   EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, an evidentiary hearing is not warranted.

---

[4]The government also contends that Claim Two should be dismissed under the concurrent sentence doctrine, because "the term of imprisonment imposed on [Movant's] § 922(g)(1) charge in Count [Four] is entirely concurrent to the sentence imposed on Count [One]." (D.I. 156 at 5) Under the circumstances, the Court need not reach this ground for denying relief as the Court has already decided to deny relief for the reasons set out elsewhere in this Opinion.

9

## VII. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that it must deny Movant's § 2255 Motion as both time-barred and procedurally barred, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VIII. CONCLUSION

For the foregoing reasons, the Court will dismiss Movant's 28 U.S.C. § 2255 Motion as time-barred and procedurally barred. The Court will not issue a certificate of appealability. An appropriate Order will be entered.